Morning your honors, David Zuckman on behalf of Ms. Jaramillo. Your honors, brevity is a good, a virtue, but it's not an unlimited good. Before we start, this is a question I should have asked probably, before we started, since we're going to talk about whether adequate cooperation was had or not, do you want the gallery cleared? No. Okay. It's a safety valve. It's not. The issue is whether your client provided enough to get the safety valve, and that necessitates a discussion of what she provided. They discussed it at, you know, to the extent they did, at sentencing. Okay. So no point was it attempted to be secret. Okay. I think this is just a straight, the district court didn't make findings case. The things we know that are clear from the record is that Ms. Jaramillo met with the government, made some statements, and that the government didn't believe her. And that's where we're left at. At no point in this record is there an indication that Ms. Jaramillo agrees that she was not truthful. There's no indication that she says, hey, you know, I realize I was lying or I was being incomplete. She's 57 years old. She's got a heroin-addled memory. When she says that she doesn't know something or can't remember something, she probably has a pretty good reason for it. You know, she just, she's had a really rough run of it. So I just think this is an inadequate findings case. There was no objection, right? There was much less than an objection. It appears the defense counsel misunderstood the applicable law and was completely deferent to the government. However, on the upside, there was no invited error argument. So there's nothing to respond to in that regard. Did her defense lawyer ever say, here's what she provided? No. The one-and-a-half-page sentencing memorandum appeared to have the hope that the government would recommend safety valve relief. And there really was no other comment offered by Mr. Belter. So I think this is a straight no findings case. Oh, and I think the allocution issue actually goes to this as well. This is like the one case where an allocution really is key to the substantive issue. Didn't she say in a letter she didn't want to? I wish I could read that letter. I never got the letter. It was not in the court file. It wasn't part. The government didn't have it. Mr. Belter didn't have it. I've never read it. So I don't know what's in the letter. But she also said no in court, right? She did. She did, Your Honor. But she said no. I read the letter. And then there's an interjection of no. It's very difficult to know what that no means. I mean, Mr. Newman, of course, is in a better situation since he was there. But I can't tell. Don't we give the district judge the benefit of the doubt in those circumstances? Well, I don't think. The district judge is there, right? Because Judge Wilson was.  Judge Wilson, right? No, I'm sorry, Judge. Steve Wilson? Yeah, Steve Wilson. Right. Rule 32 requires them, the district judge. Personally address. Right. And they don't always do that. Right. She got the mandatory minimum, though, didn't she? She did. So what's the harm? Well, if she would have asked her about the safety valve in her attempt to comply, maybe everything would have been clarified. That could have been useful. It's a little hard if you get a letter from the defendant saying, look, I don't want to be put on the spot to talk in court. You then sort of put them on the spot. I mean, I don't know. I can see that there are things that could be in that letter that would totally tank my position. She could have said in that letter, I was lying the whole time. I don't know what she said. All I know is that there was a letter and that she said no. That doesn't seem to be an adequate record upon which to find that her sentencing rights were properly respected. Unless there's any further questions. Thank you. Good morning, Your Honors. Ariel Newman on behalf of the United States. Do you think your position is adequately stated in your brief? Yes, Your Honor. Thank you. Thank you. Cases, I will stand submitted. We will take a 10-minute recess.
judges: Kozinski, Hawkins, Fisher